**UNITED STATES BANKRUPTCY COURT**
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**In re:**

| | |
|---|---|
| **KIRK D. SMITH, SR.,** | **Case No. 05-71526-DHA** |
| **Debtor.** | **Chapter 13** |
| | |
| **PATRICIA L. SMITH,** | |
| **Plaintiff,** | |
| v. | **APN 05-7067** |
| **KIRK D. SMITH, SR.,** | |
| **Defendant.** | |

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the plaintiff's Complaint to Determine Dischargeability of a portion of defendant debtor's debt. We must determine whether the debtor's conversion of his bankruptcy from a Chapter 7 to a Chapter 13 entitles him, pursuant to 11. U.S.C. § 1328(a)(2), to discharge 1) a debt incurred during the parties' marriage for which the defendant assumed sole liability in the parties' Memorandum of Agreement, and 2) payments on the plaintiff's portion of the debtor's military retirement benefits from April 1, 2004, through February 1, 2005, which were awarded to the plaintiff in the parties' Final Decree of Divorce.

1

This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

## I.  FINDINGS OF FACT

At the initial pretrial conference the parties agreed to submit simultaneous briefs on the issues presented.  Therefore, all facts from the complaint are uncontroverted due to the debtor's failure to file an answer.[1]

The parties dissolved their marriage by the entry of a Final Decree of Divorce, in the Circuit Court of the City of Chesapeake, on August 19, 2004.  (Compl. ¶ 5.)

In anticipation of their divorce, the parties entered into a Memorandum of Agreement ("Agreement"), which was incorporated into an order entered by the Juvenile and Domestic Relations District Court of the City of Chesapeake on November 28, 2001. (*Id*. at ¶ 6.)

The Agreement states, *inter alia*, that "'Kirk Smith shall be solely responsible for [the] '94 Ciera Bayliner boat to include all remaining indebtedness, and all expenses, including [the] boat slip, trailer, [and] insurance related thereto.'" (*Id*. at ¶ 7.)

The parties' Final Decree of Divorce provides that "'both Complainant and Defendant are denied any and all other interests in statutory equitable distribution save for Defendant's [Patricia Smith] interests in Complainant's [Debtor] military retirement…as all other property has been disposed of in accordance with verbal agreements between the parties.'" (*Id*. at ¶ 9.)  The parties'

---

[1] *See* the section titled "Plaintiff's Portion of Debtor's Retirement Benefits" below for a full discussion.

2

Final Decree awards 38.125% of Kirk Smith's military pension to Patricia Smith, given that the parties were married during Mr. Smith's service in the United States Navy. (*Id*. at ¶ 13.) This award was to be paid to Mrs. Smith directly by Mr. Smith until such time that a direct allotment could be arranged, at which time Mrs. Smith was to receive the payments directly from the plan administrator. (*Id*.)

The Final Decree also awarded Patricia Smith spousal support, in addition to her percentage of the military retirement benefit. (*Id*. at ¶ 14.) In determining the spousal support figure, however, the amount of her portion of the military retirement benefits was taken into account. (*Id*.)

Debtor did not make any payments to the Plaintiff for her portion of the military retirement benefits from April 1, 2004, through February 1, 2005, at which time the Plaintiff began receiving said payments directly from the plan administrator. (*Id*. at ¶ 15.) Debtor owes the Plaintiff $5,315.70 for the period of time prior to the commencement of the allotment. (*Id*.)

On March 20, 2005, the debtor filed for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code, after being served with an Order to Show Cause issued by the Chesapeake Circuit Court.

In his schedules, the debtor lists Patricia Smith as a creditor in the amount of $5,315.70 and also lists Navy Federal Credit Union ("NFCU") as a creditor in the amount of $12,483.21, secured by the 1994 Ciera Bayliner and trailer. Initially, the debtor did not include the plaintiff as a co-debtor on the NFCU debt, but upon later amended his schedules to include her name. Debtor stated that he intended to turn over the boat and trailer to NFCU.

On July 1, 2005, the debtor converted his case to one under Chapter 13 of the Code and reiterated his intent to turn over the boat and trailer to NFCU.

## II. CONCLUSIONS OF LAW

The plaintiff argues that the debtor should not be allowed to discharge the debt to NFCU for the boat loan, as he agreed during their divorce to assume full liability for the debt, and, that if he is discharged she will be held liable. The plaintiff further argues that the debtor should not be permitted to discharge the $5,315.70 of her awarded share of his military retirement benefits. While the Complaint does not explicitly state why these debts are nondischargeable, it is intimated that these moneys constitute support and thus are excepted from discharge; therefore, the Court will analyze the plaintiff's arguments as such.

The debtor argues that because he converted his case from a Chapter 7 to a Chapter 13 he is entitled to discharge both the liability on the loan to NFCU for the boat and the $5,315.70, as these debts do not fall within one of the categories excepted from discharge under § 1328(a)(2).

**§ 1328(a)(2)**

Certain debts that are nondischargeable under Chapter 7, are dischargeable in a Chapter 13. 11 U.S.C. § 1328(a)(2) (2004). Section 1328(a)(2) allows for the "discharge of all debts provided for by the plan…, except any debt…of the kind specified in paragraph (5), (8), or (9) of section 523 (a)." *Id*. Therefore, unless the debt is for "alimony, maintenance, or support" of a "spouse, former spouse, or child of the debtor" (11 U.S.C. § 523(a)(5)), educational benefit (*Id*. at § 523(a)(8)), or death or personal injury caused by driving while intoxicated or under the influence of drugs (*Id*. at §523(a)(9)), it is dischargeable in a Chapter 13.

4

Noticeably absent from the list of debts excepted from discharge in § 1328(a)(2) is § 523(a)(15).  Section 523(a)(15) describes debts that are incurred as a result of a separation or divorce, but that do not fit within the meaning of support listed in § 523(a)(5).  11 U.S.C. § 523(a)(15).   These debts, by statute, are dischargeable in a Chapter 13.  Therefore, the crucial question in the instant case is whether the debtor's obligations to pay a portion of the retirement benefits and the balance on the boat loan were in the nature of support?

To answer this question we must turn to case law, because the Code does not provide a definition for or any guidance as to what constitutes support.  *See Melichar v. Ost*, 661 F. 2d 300, 303 (4th Cir. 1981), cert. denied, 456 U.S. 927 (1982).  The burden is on the objecting party to prove that the debt is "'actually in the nature of alimony, maintenance or support.'"  *In re Taylor*, 252 B.R. 346, 352 (Bankr. E.D. Va. 1999)(quoting *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986)); *see also Edenfield v. Fussell (In re Fussell)*, 303 B.R. 539, 545 (S.D. Ga. 2003) ("Plaintiff still bears the burden of proof of establishing that the obligation is actually in the nature of support.").  The question of whether the debt is support or a property settlement is one of federal law; however state law should not be ignored. *Ballard v. Ferraro (In re Ballard)*, 2001 Bankr. Lexis 1661, *25 (Bankr. E.D. Va. July 18, 2001), *aff'd.* 2003 U.S. App. Lexis 12940 (4th Cir. Va. June 26, 2003); *Zaera v. Raff (In re Raff)*, 93 B.R. 41, 45 (Bankr. S.D.N.Y. 1988). Under bankruptcy law "[t]he parties' intent controls whether the obligation is in the nature of support or is a property settlement." *Ballard*, 2001 Bankr. Lexis 1661, at *25 (citing *In re Crosby*, 229 B.R. 679, 681 (Bankr. E.D. Va. 1998); *Taylor*, 252 B.R. at 352; *see also Tilley v. Jessee*, 789 F.2d 1074, 1078 (4th Cir. 1986) (holding that even with clear evidence that one of the

5

Document      Page 6 of 10

parties intended the obligation be in the nature of support, such a ruling can not be made without evidence of *mutual* intent)(emphasis added).

Determining intent can be a complicated task however, given that generally neither "party knows [n]or cares whether it [the debt] is alimony, support or [a] division of property. Each is interested only in what each will get or have to pay." *Lawson v. Lawson*, No. 92-2154, No. 92-2163, 1993 U.S. App. Lexis 32043, at *27 (4th Cir. December 9, 1993)(quoting *In re Jenkins*, 32 B.R. 978, 982 (Bankr. S.D. Ohio 1983). Parties often draft separation and divorce documents with "no actual intent to make the distinction [between support and property distribution, and the courts] must usually establish their constructive intent from the facts and circumstances of the case." *Lawson*, U.S. App. Lexis 32043, at *27 (citing *In re MacDonald*, 69 B.R. 259, 268 (Bankr. D.N.J. 1986) (quoting *In re Alloway*, 37 B.R. 420, 425 (Bankr. E.D. Pa. 1984))).

Several courts in this district have held that dividing debt can be in the nature of support in certain situations. *Brunson v. Austin (In re Austin)*, 271 B.R. 97, 109 (Bankr. E.D. Va. 2001), *King v. Speaks (In re Speaks)*, 193 B.R. 436, 442 (Bankr. E.D. Va. 1995), *Ferebee v. Ferebee (In re Ferebee)*, 129 B.R. 71, 73-74 (Bankr. E.D. Va. 1991). However, "the inquiry is particularly fact intensive…." *Speaks*, 193 B.R. at 442.

The court in *Ballard* identified several general factors courts should consider when attempting to determine parties' intent as to debt-splitting as a means of support: "(i) whether, at the time of the agreement, any evidence demonstrates overreaching, (ii) the language and substance of the agreement, (iii) the parties' financial circumstances at the time of the agreement, and (iv) the role of the obligation at the time of the agreement." *Ballard*, 2001

6

Bankr. Lexis 1661, at *26 (citing *In re Crosby*, 229 B.R. at 681).

### Plaintiff's portion of debtor's retirement benefits

Rule 7(a) of the Federal Rules of Civil Procedure ("FRCP"), which is incorporated into adversary proceedings through Rule 7007 of the Bankruptcy Code, states that all adversary proceedings "*shall* [have both] a complaint and an answer." Fed. R. Civ. P. 7(a) (emphasis added). Rule 8(d) of the FRCP, again incorporated into adversary proceedings by Rule 7008(a) of the Bankruptcy Code, states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Fed. R. Civ. P. 8(d).

The defendant debtor was required to file an answer to the Complaint, indicated by the word "shall" in Rule 7(a), and because he did not do so, all the information in the Complaint is deemed admitted pursuant to Rule 8(d).

In the Complaint the plaintiff states that the calculation of alimony awarded to the plaintiff took into consideration her award of 38.125% of the debtor's military retirement benefits. The debtor is deemed to have admitted this fact, but does that admission equate to the plaintiff meeting her burden of proof? This Court thinks not.

Applying the factors from the *Ballard* case, the Court dismisses the first factor as there is no allegation of overreaching by either party. Moreover, it was the plaintiff's burden to produce evidence showing any overreaching and she did not do so.

Likewise, as to factors, ii, iii, and iv, the plaintiff did not present any evidence at all as to any of these. The Court does not have the Agreement, the Final Divorce Decree, or any other documents or testimony to determine the language or substance of the Agreement or Final

7

Decree, the financial position of the parties or the role of the obligation at the time of the separation and divorce. Without such evidence, this plaintiff is unable to meet her burden of proof that the $5,315.70 owed to her by the debtor for a part of her portion of his retirement benefits was in the nature of support. As stated by the court in *Austin*, the inquiry is very fact intensive (*Austin*, 271 B.R. at 109), and, here, the plaintiff has produced only a minimum amount of facts, and only produced those by default when the debtor failed to answer the Complaint.

In, *Lawson,* on similarly sparse facts, the court also held that the plaintiff had not met her burden. There, a husband and wife entered into a post-nuptial agreement, in which the wife was to receive a one-half interest in the husband's pension and retirement benefits. The wife's testimony, which was unrebutted, was that the monies were in the nature of support. The court found that even her unrebutted testimony was not enough to establish mutual intent. *Lawson*, 1993 U.S. App. Lexis 32043, at *28-*29.

It is important to note that in the instant case, the Complaint contained no allegation that both the debtor and the plaintiff intended the retirement benefit payments to be in the nature of support. The only evidence the Court has on the issue is the debtor's admission, by default, that the retirement benefit was taken into account when calculating support. His failure to respond to that averment, however, means just that, it was taken into account. It does not tell us anything about the mindset of the parties at the time, and alone, does not prove mutual intent. The burden was on the plaintiff to prove mutual intent, and she failed to do so. Therefore, the debtor may discharge his debt to the plaintiff in the amount of $5,315.70, pursuant to 11 U.S.C. § 1328(a)(2).

**The boat loan**

As to the debtor's assumption of liability for the boat loan, again, the plaintiff has failed to meet her burden of proof regarding mutual intent under the factors in *Ballard*, for the same reasons as listed above.

Taking everything as admitted in the Complaint, including the excerpt from the Agreement, which states that the debtor was going to be responsible for any and all indebtedness and expenses regarding the boat, and coupling those admissions with the debtor's own schedules, which lists the loan for the boat as secured debt, the plaintiff still falls far short of her burden of proof. Both factors exhibit that in the dissolution of the marriage, the debtor took possession of the boat and its associated liability. Neither evidences any mutual intent that the debtor's promise to pay off the loan for the boat amounted to support for the plaintiff.

Therefore, in the instant case, the debt for the boat is dischargeable under 11 U.S.C. § 1328(a)(2), as it does not fit within the meaning of support as described in § 523(a)(5). While the Court would agree that these results are harsh, the burden of proof can not be ignored. The plaintiff had the opportunity to prove her case, but fell far short.

## CONCLUSION

We have determined that the following resolution of the issues presented is appropriate under the facts of this case and the law as applied to those facts:

1. Plaintiff has not demonstrated that the award to her of $5,315.70, a part of her portion of the defendant debtor's military retirement benefits, was in the nature of support within the meaning of § 523(a)(5), and is, therefore, dischargeable pursuant to §

9

    1328(a)(2).

2. Plaintiff has not demonstrated that debtor's sole assumption of liability on the NFCU loan for the boat was in the nature of support, and, therefore, that debt is dischargeable pursuant to § 1328(a)(2).

**IT IS SO ORDERED.**

Norfolk, Virginia
November 21, 2005

                                                                   _____
                                                                   DAVID H. ADAMS
                                                                   United States Bankruptcy Judge

Copies to:
    Diane B. Fenton, Esq.
    Kenneth A. Moreno, Esq.
    Frank J. Santoro, Trustee